UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAYMUNDO HERNANDEZ,<br><br>                    Defendant. | Case No. 1:18-cr-00097-BLW-4<br><br>**REPORT AND RECOMMENDATION** |

On November 29, 2018, Defendant Raymundo Hernandez appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 13), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was arrested on March 23, 2018, and had his initial appearance on the Indictment in the District of Idaho on March 28, 2018. On April 2, 2018, the Court conducted a hearing on the Government's Motion for Detention, and thereafter entered an order on April 5, 2018, denying the Government's motion and entering an order setting conditions of release. (Dkt. 33, 36, 37.)

Since his release on April 5, 2018, Defendant has complied with all conditions of pretrial release. He is currently being supervised in the District of Nevada. Defendant remains employed full-time and submits to drug testing as directed, with no issues of non-compliance. Defendant has no criminal history for the last eighteen years, and currently resides with his step-daughters in Nevada.

According to the Government, it has no objection to the Court finding exceptional reasons to continue Defendant's release, noting also that the Government has agreed that Defendant was a minimal participant in the criminal activity under USSG Section 3B1.2(a) and should receive a 4-level reduction in his offense level. Further, the

**REPORT AND RECOMMENDATION - 2**

Government is not aware of any facts suggesting Defendant poses an enhanced risk of flight or danger to the community at this time. The pretrial status report indicates Defendant is in compliance with all conditions of release, and Pretrial Services has recommended that Defendant's conditions of pretrial supervision remain unchanged.

According to the Defendant's motion for continued release pending sentencing, Defendant is the sole provider for his family, and he serves as a manager for his employer, who remains supportive of Defendant's continued employment due to his unique skill set and long-standing employment at the company. (*See* Dkt. 112-1.) At the hearing, Defendant proffered additional information to the Court that he provides financial support to his step-daughter and young goddaughter. Pretrial Services further indicated that, pursuant to the conditions of release, Defendant was referred for a substance abuse assessment, and treatment was not recommended.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued under the conditions previously imposed. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

**REPORT AND RECOMMENDATION - 3**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Raymundo Hernandez's plea of guilty to Count 1 of the Indictment (Dkt. 13).

2) The District Court order forfeiture consistent with Defendant Raymundo Hernandez's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 13) and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 37, 61.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 29, 2018

_____
Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 4**